**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Susan M. Woolbert,**<br>     Debtor.<br>_____/ | **CASE NO.: 22-11948-amc**<br>**CHAPTER 13** |
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,**<br><br>     Movant,<br>v.<br><br>**Susan M. Woolbert,**<br>**Kenneth E. West,**<br><br>     Respondents.<br>_____/ | Chapter 13<br><br>Hearing: August 30, 2022 at 11:00 am |

**ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

AND NOW, this 31st day of August, 2022, upon consideration of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust's Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, any response thereto and that it is not necessary for an effective reorganization, it is hereby

ORDERED, that the automatic stay provisions of Section 362 of the Bankruptcy Code are hereby unconditionally terminated with respect to Wilmington Savings Fund Society, FSB,

d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust; and it is further

ORDERED, that Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, its successors and/or assignes be entitled to proceed with appropriate state court remedies against the property located at 520 Deerfield Drive, Trooper, Pennsylvania 19403, including without limitation a sheriff's sale of the property, and it is further

ORDERED, that pursuant to 11 U.S.C. § 362(d)(4), and <u>provided</u> that this Order is recorded in conformity therewith, the automatic stay under 11 U.S.C. § 362(a) as to Creditor's interest in the Collateral shall not be in effect and shall be deemed to have been terminated, and this Order shall be binding, in any other case filed under the Bankruptcy Code, regardless of the federal district the subsequent case is filed in, purporting to affect the Collateral that is commenced not later than *two years after the date of this Order*, such that the automatic stay under 11 U.S.C. § 362(a), and if a chapter 13 case is filed, the co-debtor stay under 11 U.S.C. § 1301(a), that may otherwise be in place upon a further filing under the Bankruptcy Code, shall not apply to Creditor's interest in the Collateral; and it is further

                                                BY THE COURT

                                                _____
                                                Hon. Ashely M. Chan
                                                U.S. Bankruptcy Court Judge